**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAYARDO EDWINSIN PAVON TEJADA, | No. 08-70452 |
| Petitioner, | Agency No. A095-292-070 |
| v. | MEMORANDUM [*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Bayardo Edwinsin Pavon Tejada, a native and citizen of Honduras, petitions

for review of a Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KAD/Research

withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey,* 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review factual findings for substantial evidence, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

We reject Tejada's claim that he is eligible for asylum and withholding of removal on account of his anti-gang political opinion, or based on his membership in a particular social group. *See Barrios v. Holder,* 581 F.3d 849, 855-56 (9th Cir. 2009); *Santos-Lemus,* 542 F.3d at 745-46. Accordingly, because Tejada failed to show he was persecuted or fears persecution on account of a protected ground, we deny the petition as to his asylum and withholding of removal claims. *See Barrios*, 581 F.3d at 856.

Substantial evidence also supports the BIA's denial of CAT relief because Tejada did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Honduran government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

We lack jurisdiction to consider Tejada's due process claim because he failed to exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**